NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANDRES ALEJANDRO NUNEZ, *Appellant.*

No. 1 CA-CR 24-0626

FILED 07-02-2026

Appeal from the Superior Court in Maricopa County
No. CR2020-104251-002
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Bain & Lauritano PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

_____

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

_____

**C A T T A N I**, Judge:

¶1        Andres Alejandro Nunez appeals the sentences imposed after a remand for resentencing. *See State v. Nunez*, 1 CA-CR 22-0435, 2024 WL 4235414, *3–4, ¶¶ 12, 20 (Ariz. App. Sept. 19, 2024) (mem. decision). Nunez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Nunez was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Nunez's sentences as modified to reflect one additional day of presentence incarceration credit.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Nunez was convicted of discharging a firearm at a nonresidential structure, aggravated assault, and disorderly conduct arising from a road rage incident in which he fired at least 11 shots from a handgun at the victims as they drove away, hitting one of them three times. *See Nunez*, 1 CA-CR 22-0435, at *1–2, ¶¶ 3–7, 10. As to each of the three counts, the jury found the offense to be dangerous and the existence of three aggravating factors. *Id.* at *2, ¶ 10. The court sentenced Nunez to slightly greater than presumptive 8-year terms of imprisonment for the first two counts and a presumptive 2.25 year term for the third, all to be served concurrently. *Id.* at ¶ 11. Nunez appealed. *Id.* This court affirmed his convictions but remanded for resentencing, concluding that the superior court had erred by considering Nunez's failure to admit guilt when rendering its sentencing decision. *Id.* at *3–4, ¶¶ 16, 19–20.

¶3        At resentencing, the superior court again found the aggravating circumstances (including those found by the jury) outweighed mitigating factors. The court again imposed slightly greater than presumptive 8-year sentences for discharging a firearm and aggravated assault and a presumptive 2.25 year sentence for disorderly conduct, all

terms to be served concurrently and with credit for 1455 days of presentence incarceration. Nunez timely appealed.

## DISCUSSION

**¶4**      We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300; *see also State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Nunez was present and represented by counsel at the resentencing. The record reflects that the superior court afforded Nunez all his constitutional and statutory rights, and that the resentencing proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Nunez's sentences fall within the range prescribed by law.

**¶5**      We note and correct, however, a mathematical error in the superior court's calculation of presentence incarceration credit. Although the court correctly acknowledged Nunez's entitlement to credit for each day spent in custody before sentencing, *see* A.R.S. § 13-712(B), the court's calculation of the period from when Nunez was remanded into custody after trial to (but not including) the date of resentencing was one day short. We thus modify Nunez's sentences to reflect one more day of presentence incarceration credit, for a total of 1456 days. *See* A.R.S. § 13-4037(A); *see also* Ariz. R. Crim. P. 31.19(c). We affirm his sentences in all other respects.

**¶6**      Upon the filing of this decision, defense counsel shall inform Nunez of the status of the appeal and of his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Counsel has no further obligations unless, upon review, she finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See id.* On the court's own motion, Nunez shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

**¶7**      Nunez's sentences are affirmed as modified.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:     JR